UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Burl Wright, #45699-019,<br><br>      Petitioner,<br><br>vs.<br><br>Mary Mitchell, Warden of F.C.I.,<br><br>      Respondent. | C/A No. 6:10-3147-DCN-KFM<br><br>**REPORT AND RECOMMENDATION** |

    The petitioner, Andrew Burl Wright ("Petitioner"), is a federal prisoner at FCI-Edgefield, a facility of the Federal Bureau of Prisons in South Carolina.  Petitioner was convicted on June 14, 1995, of armed bank robbery and firearms violations after a jury trial in the United States District Court for the Northern District of Georgia ("Sentencing Court").  *United States v. Wright*, No. 1:95-CR-139-GET (N.D.Ga. filed April 11, 1995).  Petitioner was sentenced August 28, 1995, to 262 months imprisonment, with a consecutive 60 month sentence, totaling 322 months.  *Id*.  On direct appeal, the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") affirmed his convictions and sentences.  *United States v. Wright*, 96 F.3d 1457 (11th Cir. August 27, 1996) (Table) (Case No. 95-9113).

    Petitioner has filed several unsuccessful motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, as well as motions to reconsider and motions for certificates of appealability in the Sentencing Court.  *See United States v. Wright*, No. 1:02-cv-2359-GET (N.D.Ga. Filed August 26, 2002); *United States v. Wright*, No. 1:06-cv-1508-GET (N.D.Ga. Filed June 22, 2006); and *United States v. Wright*, No. 1:09-cv-0704-GET (N.D.Ga. Filed March 13, 2009).  Petitioner's initial § 2255 motion, which sought re-sentencing based on the vacation of seven of his prior Georgia state

convictions, was denied both as untimely and as inadequate on the merits. The Sentencing Court found that Petitioner would still qualify as a career offender under the U.S. Sentencing Guidelines based on his two prior North Carolina convictions for breaking and entering of a dwelling. *United States v. Wright*, No. 1:95-CR-139-GET, ECF No. 45, 85. The Sentencing Court denied Petitioner's motion for a certificate of appealability to challenge the denial of his initial § 2255 motion, as well as a motion for reconsideration. *Id*. at ECF No. 47, 50, 52. The Eleventh Circuit also denied Petitioner's application for a certificate of appealability. *Id.* at ECF No. 55. Petitioner's second and third § 2255 motions in the Sentencing Court, which also attacked the validity of his career offender status, were denied as successive. *Id.* at ECF No. 85.

In addition to pursuing to vacate his sentence in the Sentencing Court, Petitioner has filed two prior petitions for habeas relief pursuant to 28 U.S.C. § 2241 in this Court. Both prior § 2241 petitions, which challenged the application of the U.S. Sentencing Guidelines in determining that Petitioner is a career offender resulting in an enhanced sentence, were dismissed as properly considered by the Sentencing Court in a § 2255 motion, not a § 2241 petition. *See Wright v. Dove*, No. 6:02-cv-1901-DWS (D.S.C. June 17, 2002); *Wright v. LaManna*, No. 6:05-cv-1409-DCN (D.S.C. May 11, 2005). Petitioner now files a third petition for habeas relief pursuant to § 2241 seeking to "vacate sentence and remand for resentencing to the sentence that was available at original sentencing without the career offender enhancement." ECF No. 1 at 9. As he has argued in his prior § 2255 motions and § 2241 actions, Petitioner contends the prior convictions used to enhance his sentence as a career offender do not qualify him as a career offender.

He again contends that his Georgia prior convictions have been vacated,[*] and the North Carolina convictions are not violent felonies as required for career offender classification. Petitioner argues that "because Wright stands incarcerated as a career offender when Wright is not in fact a career offender, 'Wright has no source of redress' and Wright has exhausted all of his remedy even administrated remedy and should be permitted to pursue a 2241 petition via the saving clauses of 2255." ECF No. 1 at 2.

**DISCUSSION**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review habeas petitions for relief and submit findings and recommendations to the District Court. This court is charged with screening Petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading

---

[*] As noted in Petitioner's prior § 2241 action, C/A No. 6:05-cv-1409-DCN (D.S.C.), the vacation of Petitioner's Georgia convictions is questionable in light of the Georgia Supreme Court decision in *Scott v. Wright*, 573 S.E.2d 49 (Ga. 2002), which reversed and remanded the order of the Georgia Superior Court that vacated Petitioner's prior convictions.

to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). The fact that Petitioner did not prevail in his direct appeal, or his § 2255 motions before the Sentencing Court, does not open the door for him to bring those same arguments in a habeas action under § 2241 in the district court within the jurisdiction of his confinement. "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. Petitioner has failed to make such a showing. The fact that Petitioner did not prevail on his § 2255 motions does not mean that the potential relief of § 2255 was inadequate or ineffective; it simply means that he was not entitled to it.

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In*

4

*re Jones*, 226 F.3d 328 (4th Cir.2000). In *Jones*, the Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34.

Petitioner's claim that his sentence was improperly enhanced based on invalid prior state convictions used to classify him as a career offender is insufficient to meet the high threshold announced in *Jones*. *See United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."). Petitioner provides no allegations of new evidence, unavailable at the time of conviction, which undermines the validity of the his criminal conviction for armed bank robbery and firearms violations. In summary, Petitioner's claim is insufficient to invoke the savings clause embodied in § 2255, and as such, he is barred from proceeding with this habeas corpus action under § 2241.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition in this case be dismissed *without prejudice* and without requiring the Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

January 20, 2011                                     s/Kevin F. McDonald
Greenville, South Carolina                    United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).