IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ANDREW BURL WRIGHT, #45699-019, ) | |
| ) | C/A No. 6:10-cv-03147-DCN-KFM |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| MARY MITCHELL, WARDEN OF F.C.I., ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on the report and recommendation ("R&R") of United States Magistrate Judge Kevin F. McDonald to dismiss without prejudice petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner has submitted written objections to the R&R. For the reasons set forth below, the court adopts the recommendation of the magistrate judge.

## I. BACKGROUND

Petitioner Andrew Burl Wright ("Wright") is presently confined to FCI-Edgefield, a facility of the Federal Bureau of Prisons in South Carolina.[1] Petitioner was convicted on June 14, 1995, of armed bank robbery and firearms violations after a jury trial in the United States District Court for the Northern District of Georgia ("Sentencing Court"). United States v. Wright, No. 1:95-CR-139-GET (N.D.Ga. April 11, 1995). Petitioner was sentenced August 28, 1995, to 262 months imprisonment, with a consecutive 60 month sentence, totaling 322 months. Id. On direct appeal, the United States Court of Appeals for the Eleventh Circuit affirmed his convictions and sentences. United States v. Wright, 96 F.3d 1457 (11th Cir. August 27, 1996) (Table) (Case No. 95-9113).

---

[1] The Background section is taken almost verbatim from the Magistrate Judge's R&R Background section as that Petitioner did not object to the R&R's factual findings.

1

Petitioner has filed several unsuccessful motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, as well as motions to reconsider and motions for certificates of appealability in the United States District Court of the Northern District of Georgia ("Sentencing Court"). See United States v. Wright, No. 02-2359 (N.D. Ga. August 26, 2002); United States v. Wright, No. 06-1508 (N.D. Ga. June 22, 2006); United States v. Wright, No. 09-0704 (N.D. Ga. March 13, 2009). Petitioner's initial § 2255 motion, which sought re-sentencing based on the vacation of seven of his prior Georgia state convictions, was denied both as untimely and as inadequate on the merits. The Sentencing Court found that petitioner would still qualify as a career offender under the United States Sentencing Guidelines based on his two prior North Carolina convictions for breaking and entering of a dwelling. United States v. Wright, No. 95-139, ECF No. 45, 85. The Sentencing Court denied petitioner's motion for a certificate of appealability to challenge the denial of his initial § 2255 motion, as well as a motion for reconsideration. Id. at ECF No. 47, 50, 52. The Eleventh Circuit also denied petitioner's application for a certificate of appealability. Id. at ECF No. 55. Petitioner's second and third § 2255 motions in the Sentencing Court, which also attacked the validity of his career offender status, were denied as successive. Id. at ECF No. 85.

In addition to pursuing to vacate his sentence in the Sentencing Court, petitioner has filed two prior petitions for habeas relief pursuant to 28 U.S.C. § 2241 in this court based on his imprisonment in Edgefield, SC for the sentence discussed above. Both prior § 2241 petitions, which contest petitioner's status as a career offender under the Guidelines, were dismissed as properly considered by the Sentencing Court in a § 2255 motion. See Wright v. Dove, No. 02-1901 (D.S.C. June 17, 2002); Wright v. LaManna, No. 05-1409 (D.S.C. May 11, 2005). Petitioner now files a third petition for habeas relief pursuant to § 2241 seeking to "vacate

sentence and remand for resentencing to the sentence that was available at original sentencing without the career offender enhancement." Pet.'s Mem. 9. As he has argued in his prior § 2255 motions and § 2241 actions, petitioner contends the prior convictions used to enhance his sentence as a career offender are inadequate to justify that status. He again contends that his Georgia prior convictions have been vacated and the North Carolina convictions are not violent felonies. Petitioner argues that "because Wright stands incarcerated as a career offender when Wright is not in fact a career offender, 'Wright has no source of redress' and Wright has exhausted all of his remed[ies] even administrat[ive] remed[ies] and should be permitted to pursue a 2241 petition via the savings clause of 2255." Pet.'s Mem. 2.

## II.   STANDARD OF REVIEW

This court must conduct a de novo review of any portion or portions of the magistrate judge's report to which an objection is made, and may accept, reject, or modify the recommendations contained therein. 28 U.S.C. § 636(b)(1). However, review by this court of findings or recommendations to which no party objects is not necessary. Thomas v. Arn, 474 U.S. 140, 150 (1985). A party's failure to object constitutes an acceptance of the magistrate judge's findings and recommendations. United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). A general objection which is not "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute" is inadequate to obtain district court review. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (citation omitted). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).

3

### III.  PRO SE PETITIONS

Petitioner is proceeding pro se in this case.  Pro se petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978).  A federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980).  Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

### IV.   DISCUSSION

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255."  Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)).  The savings clause of § 2255, however, allows for a petitioner to bring a § 2241 petition "if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."  United States v. Poole, 531 F.3d 263, 267 (4th Cir. 2008) (hereinafter Poole II) (quoting 28 U.S.C. § 2255).  When 28 U.S.C. § 2255 "proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."  In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (quoting 28 U.S.C.A. § 2255).  Furthermore, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."  Id.  The Fourth Circuit has held that:

> [section] 2255 is inadequate and ineffective to test
> the validity of a conviction when: (1) at the time of

4

> conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.  In addition, "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence."  Poole II, 531 F.3d at 267.

Petitioner admitted in his initial memorandum in support of his § 2241 petition that he does not satisfy the Jones three-part test.  Pet.'s Mem. 2.  He argues, however, that under Poole v. Dotson, 469 F. Supp. 2d 329, 335 (D. Md. 2007) (hereinafter Poole I), he should be permitted to pursue a § 2241 petition because he stands incarcerated as a career offender when he is not a career offender.  The district court in Poole I held that § 2255 was inadequate and ineffective to test the legality of petitioner's sentence due to unique circumstances and thus, permitted petitioner to seek post-conviction relief.  469 F. Supp. 2d at 335  The Maryland United States District Court opinion, however, was overruled by the Fourth Circuit which held that the district court did not properly exercise jurisdiction over the petitioner's § 2241 petition.  Poole II, 531 F.3d at 275.  Thus, the Jones test continues to bind this court, and Poole I does not provide an alternative means of seeking redress.

Though petitioner made contradictory statements in his Petition for Habeas Corpus, petitioner now objects to the R&R arguing:  (1) he can satisfy the Jones test; and (2) even if he cannot satisfy the Jones test, he should still be permitted to contest his sentence based on Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010)).

Petitioner is correct that the first prong of the Jones test is satisfied in that at the time of his conviction, settled law established the legality of his conviction. Petitioner claims that subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the crime of breaking or entering for which he was sentenced as a career offender is no longer criminal. This is inaccurate. To support this conclusion, petitioner argues that his two prior North Carolina convictions are for crimes that are not "violent" crimes. Even if this were true, petitioner acknowledges that the conduct for which he was convicted is indeed criminal, and he presents no case law or further evidence as support. If the conduct for which he was convicted is still considered a crime, the second prong of the Jones test cannot be fulfilled, and the petition must fail. Since breaking or entering is still a crime, petitioner therefore fails the second prong of the Jones test and does not satisfy the savings clause of § 2255.

Next, petitioner argues that he may use a § 2241 motion to show that he is 'actual[ly] innocen[t]' of being a career offender," and thus is permitted to challenge his conviction under a § 2241 despite the fact that he cannot satisfy the Jones test. Pl.'s Obj. 4. (citing Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010)) (permitting defendant seeking review of his designation as a career offender to challenge his sentence by showing actual innocence in a habeas petition). There are three reasons that petitioner's argument fails: (1) petitioner has failed to argue or provide support for actual innocence; (2) the Jones test governs the Fourth Circuit, while the precedent petitioner cites governs the Eleventh Circuit; and (3) Gilbert has been vacated and a rehearing granted en banc, which has yet to take place. Gilbert v. United States, 625 F.3d 716, 716 (11th Cir. 2010). Since petitioner does not meet the demands of the Jones test, he does not satisfy the savings clause of § 2255. Consequently, he is precluded from bringing a § 2241.

6

Recognizing the changing tides in the categorization of violent crimes for career offender purposes, this court also reviews petitioner's substantive arguments to protect against injustice. See Holland v. Florida, 130 S.Ct. 2549, 2563 (2010) (finding that habeas courts sit in equity and must therefore "avoid[ ] mechanical rules" and recognize the "need for flexibility"). Petitioner claims that since he was sentenced, the crime of "breaking and entering" for which he was convicted in North Carolina, and which contributed to his status as a career offender is no longer a crime of violence. Pet.'s Obj. 4. This is incorrect. The Fourth Circuit has recognized that breaking or entering amounts to "generic burglary" under § 924(e)(2)(B)(ii) and is a predicate violent felony under North Carolina law. United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005) (citing United States v. Bowden, 975 F.2d 1080, 1081-85 (4th Cir. 1992)); see also United States v. Hayes, 2010 WL 2464978 (4th Cir. June 17, 2010) (holding that a conviction in North Carolina for breaking and entering constitutes a violent felony). Consequently, petitioner's substantive argument fails. Furthermore, even if breaking and entering was no longer a "violent" crime, petitioner would be required to show "actual innocence" in order for a district court to grant resentencing. United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010).[2] Finally, petitioner's Georgia convictions are sufficient to justify the enhanced sentence.

Petitioner objects to the R&R's finding that "[p]etitioner has failed to make . . . a showing" that § 2255 is inadequate or ineffective. R&R 4. Petitioner mistakenly interprets this to mean that he has failed to apply for relief; however, the magistrate judge is actually indicating that petitioner has failed to show that relief available to him under § 2255 is inadequate or ineffective. Thus, this objection is without merit.

---

[2] Petitioner has failed to plead or support a "cause and prejudice" or real "actual innocence" claim. "An argument not presented to the federal district court in a habeas petition is forfeited and cannot be advanced at the merits stage, on appeal." United States v. Pettiford, 614 F.3d 270, 280 (4th Cir. 2010) (citing McDaniel v. Brown, 130 S.Ct. 665, 675 (2010).

7

Petitioner also objects to the footnote on page three of the R&R. The footnote states:

> As noted in Petitioner's prior § 2241 action, C/A No. 6:05-cv-1409-DCN (D.S.C.), the vacation of Petitioner's Georgia convictions is questionable in light of the Georgia Supreme Court decision in Scott v. Wright, 573 S.E.2d 49 (Ga. 2001), which reversed and remanded the order of the Georgia Superior Court that vacated Petitioner's prior convictions.

R&R 3. Petitioner argues that this footnote is not "supported by the actual record contrary to what Wright submitted in Exhibit #2 of [his] original pleading." Pl.'s Obj. 2. The Georgia Superior Court order contained in Exhibit #2 vacated petitioner's prior Georgia convictions, but this judgment was in fact reversed and remanded by the Georgia Supreme Court in Scott v Wright, 573 S.E.2d 49, 49 (Ga. 2002), and thus the footnote is appropriate.

This court, therefore, adopts the R&R and dismisses Petitioner's claim without prejudice.

## V. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). Here, petitioner does not meet this standard because there is nothing debatable about the court's resolution of his § 2241 petition. Accordingly, the court denies a certificate of appealability.

## VI.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the magistrate judge's report and recommendation be **ADOPTED** and **AFFIRMED**, and petitioner's petition for federal habeas relief be **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

       **AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**April 27, 2011**
**Charleston, South Carolina**